# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIROSLAV TODOROV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-cv-1028 |
| BANK OF AMERICA, N.A., d/b/a BANK ) | |
| OF AMERICA HOME LOANS, ) | |
| ) | |
| Defendant. ) | Judge Sharon Johnson Coleman |
| ) | |

## MEMORANDUM OPINION AND ORDER

On February 13, 2014, plaintiff Miroslav Todorov ("Todorov") filed a *pro se* Complaint alleging fraud in the origination of the loans, violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"), and discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et. seq.* ("FHA"), the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et. seq.* ("ECOA"), and the Civil Rights Act of 1968, 42 U.S.C. § 1981 *et. seq.* ("Section 1981"), against defendant Bank of America, N.A., d/b/a Bank of America Home Loans ("the Bank").[1] The Bank moves to dismiss the Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court grants the motion.

**Background**

The allegations in the Complaint stem from Todorov's execution of a promissory note in the amount of $205,000, payable to Countrywide Home Loans, Inc. secured by a mortgage executed by Todorov and his wife on April 16, 2004. Torodov executed a home equity line of credit note in the

---

[1] Interpreted broadly and in the light most favorable to plaintiff, this Court will treat the Complaint as asserting the enumerated claims above.

1

amount of $562,316, payable to Countrywide Home Loans, Inc. secured by a mortgage executed by Todorov and his wife. The home equity line of credit is subordinate to the April 16, 2004, loan. The April 16, 2004, loan was modified on August 11, 2013. The Bank approved modification of the home equity line of credit in January 2014.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 n.14 (2007); Put another way, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Fed. R. Civ. P. 8(a)*.

Where, as here, the plaintiff alleges claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires the plaintiff to plead with specificity the who, what, where, and when of the alleged fraud or mistake. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 669 (7th Cir. 2008); Fed. R. Civ. P. 9(b). Malice, intent, knowledge, and other conditions of the mind may be stated generally. Fed. R. Civ. P. 9(b).

**Discussion**

The Bank moves to dismiss the Complaint in its entirety first because Todorov's claims are untimely and also because the allegations fail to state a claim.

*1. Fraud Claims*

The Complaint claims mortgage fraud and "loan flipping", malice, misrepresentation, and manipulation. Under Illinois law, fraud and misrepresentation claims are subject to a five-year statute

2

of limitations. 735 ILCS 5/13-205; *Desantis v. Brauvin Realty Ptnrs, Inc.*, 248 Ill. App. 3d 930, 934 (1st Dist. 1993); *see also Clark v. Robert W. Baird Co.*, 142 F. Supp. 2d 1065, 1074-1075 (N.D. Ill. 2001). Accordingly, any fraud allegations arising out of the original loans executed on April 16, 2004, and August 26, 2005, are barred by the statute of limitations because more than five years passed before Todorov filed the Complaint on February 13, 2014. Todorov attempts to allege a tolling of the statute of limitations under the discovery rule, asserting that he did not discover the alleged fraud until 2012 when the Bank entered a settlement with the government to remediate harms from unlawful conduct and deceptive practices. However, even if this Court found that the fraud claims were not time-barred, Todorov's fraud claims also fail for lack of specificity.

Under Illinois law, the elements of fraud are (1) a false statement of material fact; (2) the defendant's knowledge that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) damages. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 221 Ill. Dec. 389 (1996). Here, Todorov fails to state with particularity a false statement made by a person or entity. Todorov generally alleges that the Bank committed fraud, potentially by delaying the loan modifications that he requested. Without an alleged false statement, there can be no allegation that the Bank knew said statement was false or that the Bank intended for the statement to induce the plaintiff to act. Todorov also fails to allege that he relied upon the truth of the statement. Finally, the Bank approved the loan modifications that Todorov sought and therefore fails to adequately allege damages.

*2. Truth in Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA")*

TILA actions must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the loans were consummated in April 2004 and August 2005. 12 C.F.R. § 226.2(a)(13)(A transaction is consummated when the consumer becomes contractually

3

obligated in a credit transaction.). Because Todorov's request for relief under TILA in his Complaint was filed well outside this limitations period, his TILA claims are barred. This is so even if the court accepts Todorov's allegation that he never received some of the documents as required by 15 U.S.C. § 1635(a), which gives him three days to rescind the mortgage. *See Barr v. Wash. Mut. Bank*, 2004 U.S. Dist. LEXIS 14909 (N.D. Ill. July 30, 2004). Todorov's claims under TILA are still barred even under 15 U.S.C. § 1635(f) because the right to rescind under that provision expires three years after the date of consummation of the transaction. *See* 15 U.S.C. § 1635(f).

*3. Discrimination*

Lastly, the Bank moves to dismiss Todorov's discrimination claims under the FHA, ECOA, and Section 1981 of the Civil Rights Act. The FHA prohibits discrimination in residential real estate transactions based on race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). The ECOA prohibits a creditor from discriminating in credit transactions on the basis of race, color, religion, national origin, sex or marital status, or age. 15 U.S.C. §1691(a)(1). Section 1981 is to ensure that all United States citizens have the right to make and enforce contracts, to sue, be parties, give evidence, and enjoy the equal benefit of all laws and proceedings. 42 U.S.C §1981(a). Here, Todorov alleges in only bare terms that the Bank discriminated against him. He does not elaborate as to the type of discrimination, *i.e.* race, religion, national origin, gender, etc. The Complaint only alleges that Todorov's HUD counselor suspected that the Bank was discriminating against Todorov. This is precisely the sort of unadorned, the-defendant-unlawfully-harmed-me pleading that is insufficient to survive dismissal. *See Iqbal,* 556 U.S. at 678.

**Conclusion**

Based on the foregoing analysis, this Court grants the Bank's motion to dismiss the complaint [12]. Todorov's complaint is dismissed with prejudice.

IT IS SO ORDERED.

Date:   October 27, 2014         Entered: _____
                                          United States District Judge